U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 20 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JACKIE WADE HERRELL, JR.,              §
                                       §
          Plaintiff,                   §
                                       §
VS.                                    §    NO. 4:16-CV-215-A
                                       §
CHAD ALAN HIGHTOWER,                   §
                                       §
          Defendant.                   §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, Chad Alan
Hightower, to dismiss. Plaintiff, Jackie Wade Herrell, Jr., has
failed to respond to the motion, which is ripe for ruling. The
court, having considered the motion, the record, and applicable
authorities, finds that the motion should be denied.

I.

<u>Plaintiff's Claim</u>

Plaintiff filed his complaint on March 21, 2016, using the
form for a prisoner civil rights complaint.[1] He alleges that on
two occasions, in February and March 2014, defendant, a former
deputy in the sex offender registration division of the Wise
County Sheriff's office, took nude photographs of him. A hand-
written complaint attached to the form reiterates the basic
allegation and elaborates that on the first occasion, he was

_____

[1] The form reflects that it was signed March 10, 2016. The envelope received by the clerk reflects
that it was mailed on March 14, 2016.

photographed in a bathroom and on the second, in an office. Plaintiff says that defendant told him the photographs were to be taken pursuant to a new state procedure and that plaintiff was to try to achieve an erection. Plaintiff asks that justice be done and that he be awarded $250,000 for deprivation of his rights under color of law.

## II.

### Grounds of the Motion

Defendant urges three grounds in support of his motion. First, he says that plaintiff has failed to state a plausible claim of the denial of his civil rights. Second, he says that plaintiff has not shown that the court has subject matter jurisdiction of this action. And, third, defendant says that plaintiff's claims are barred by limitations.

## III.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

2

quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Iqbal, 556 U.S. at 678.  To allege a plausible right
to relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient.  Id. In other words, where the facts pleaded do no
more than permit the court to infer the possibility of
misconduct, the complaint has not shown that the pleader is
entitled to relief.  Id. at 679. "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Id. However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

IV.

Analysis

Defendant urges that plaintiff has failed to plead a plausible claim for relief. However, plaintiff's allegation is quite clear: defendant falsely told plaintiff that he needed to achieve an erection so that he could be photographed and on two

occasions defendant took nude photos of him. Defendant does not contend that there was a legitimate penological reason for the photographs. Nor does he deny that he violated plaintiff's rights. Rather, he takes the position that plaintiff's failure to identify the specific right that was invaded nullifies his claim and the court's subject matter jurisdiction. The court is satisfied, however, that plaintiff has stated a claim for invasion of privacy. See Houchins v. KQED, Inc., 438 U.S. 1, 5 n.2 (1978); Whalen v. Roe, 429 U.S. 589, 599-600 (1977); Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002).

Defendant also urges that plaintiff's claim is barred by limitations. Although a claim under § 1983 is subject to a two-year limitations period, Bush v. United States, 823 F.2d 909, 910 (5th Cir. 1987), the running of the statute is not clear from the face of the complaint.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

SIGNED June 20, 2016.

JOHN McBRYDE
United States District Judge

5